IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMIKA BLOCKER, #178435, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:14-CV-1160-MHT |
| | ) |
| OFFICER EVELYN GIBBONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed by Tamika Blocker ("Blocker"), challenging the constitutionality of actions taken against her during a previous term of incarceration at the Tutwiler Prison for Women. *Amended Complaint - Doc. No. 1* at 4.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and prison records, in which they address the claims for relief presented by Blocker. Specifically, the defendants assert that the actions made the basis of the complaint did not violate Blocker's constitutional rights.

In light of the foregoing, the court issued an order directing Blocker to file a response to the defendants' written report. *Order of April 8, 2015 - Doc. No. 20*. The order advised Blocker that her failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the**

**plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Blocker for filing a response in compliance with the directives of this order has long since expired. As of the present date, Blocker has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Blocker is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Blocker's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants indicate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure the plaintiff's compliance would be unavailing. Consequently, the court concludes that Blocker's abandonment of her claims and her failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court.  It is further

ORDERED that on or before November 23, 2015 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 6th day of November 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE